# CIRCUIT COURT OF FAIRFAX COUNTY

Caroline Planicka,
Personal Representative
of James T. Planicka, D.D.S.,
deceased,
and Executor of his Estate

v.

American Anesthesiology
of Virginia, P.C., et al.

November 22, 2011

Case No. CL-2011-1344

By JUDGE JONATHAN C. THACHER

This case came before the Court for hearing September 2, 2011, upon Defendants' and Non-Party INOVA Fairfax Hospital's concurrent Motions to Quash Plaintiffs Subpoena *Duces Tecum*. At the conclusion of argument, INOVA, by Order, was instructed to file with this Court certain documents under seal for this Court's *in camera* review.

The Court has had the opportunity to review the sealed documents. In consideration of these documents, the Subpoena *Duces Tecum* in question, applicable law, the Rules of Supreme Court of Virginia, and the briefs and arguments of counsel, the Court rules as follows.

*Risk Manager Diane Carey's Investigation Notes*

Within four days of James Planicka's death, Mr. Blazer contacted INOVA's Risk Manager Diane Carey and indicated that he was engaged by the Plaintiff "in certain matters related to [Dr. Planicka's] death." Following this communication, Carey contacted INOVA's outside counsel. Carey subsequently initiated an investigation into the death, collecting information

to be shared with counsel. Plaintiff Planicka seeks to supplement the information she has gleaned through conventional discovery by requesting Carey's notes prepared by her regarding any investigation of the incident underlying the instant cause of action. Both Defendants and Non-Party INOVA object to disclosure on the grounds of attorney-client privilege and work product doctrine.

Upon review of Carey's investigation notes, the Court finds the investigation proceeded with guidance and direction from counsel and in anticipation of litigation. Such information is privileged under Rule 4:1(b)(3) work product doctrine and under attorney-client privilege and is not discoverable by Plaintiff Planicka in this matter. As such, the Motion to Quash as it pertains to INOVA Risk Manager Diane Carey's Investigation Notes is granted.

### Redacted Third-Party Patient Records

In order to better understand certain factual issues pertaining to the cause of action, Plaintiff Planicka requests redacted medical records for the other, third-party patients in the INOVA Fairfax Hospital electro-physiology lab on May 17, 2010, between 8:00 a.m. and 9 a.m. Both Defendants and Non-Party INOVA object to disclosure on grounds that medical records for other, third-party patients are subject to strict privacy protections under Va. Code § 32.1-127.1:03.

Upon review of the patient records and the applicable statute, the Court finds the patient records to be discoverable. While Va. Code § 32.1-127.1:03 certainly sets forth strong protections for patient privacy, the statute and related statutes anticipate the necessity of court order in certain circumstances to release the records in the advancement of the ends of justice. *See* Va. Code § 32.1-127.1:03(2), which states, "Health records shall not be removed from the premises where they are maintained without the approval of the health care entity that maintains such health records, except in accordance with a court order or subpoena consistent with subsection C of § 8.01-413 or with this section or in accordance with the regulations relating to change of ownership of health records promulgated by a health regulatory board established in Title 54.1." Any privacy concerns may be reasonably addressed, as they have, both by redacting the patient identifying information and by placing the records under a Protective Order. As such, the Motion to Quash as it pertains to Redacted Third-Party Patient Records is denied.

### Conclusion and Instructions

For the forgoing reasons, the Court finds the Redacted Third-Party Patient Records to be discoverable and INOVA Risk Manager Diane

Carey's Investigation Notes to be undiscoverable. Carey's notes are to be placed in an envelope under seal, not to be accessed by any party without permission from this Court. Redacted Third-Party Patient Records shall be placed in a separate envelope under Protective Order and accessible by parties. Both envelopes shall remain resident in the file.

## Order

This matter came to be heard on Non-Party INOVA Fairfax Hospital and Defendants American Anesthesiology of Virginia, P.C., and Janice S. Hwang, R.N., CRNA's Motion to Quash Subpoena *Duces Tecum* and it appearing to the Court that Non-Party INOVA Fairfax Hospital was required, by this Court's September 2, 2011, Order to submit to the Court certain documents for *in camera* review and it further appearing to the Court that INOVA Fairfax Hospital did comply with this Court's September 2, 2011, Order and it further appearing to the Court for the reasons stated in the Court's Letter Opinion to counsel of November 22, 2011, that the Motion to Quash as it pertains to INOVA Risk Manager Diane Carey's Investigation Notes should be granted and it further appearing to the Court for the reasons stated in the Court's Letter Opinion to counsel of November 22, 2011, that the Motion to Quash as it pertains to Redacted Third-Party Patient Records should be denied, it is therefore ordered that the Court's Letter Opinion of November 22, 2011, is incorporated into this Order; it is further ordered INOVA Risk Manager Diane Carey's Investigation shall be placed in an envelope under seal, not to be accessed by any party without permission from this Court; it is further ordered Redacted Third-Party Patient Records shall be placed in a separate envelope under Protective Order and accessible only by parties.